UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The Provident Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Case No. 13cv1504 |
| | ) | Judge James B. Zagel |
| Donald E. Smith | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff The Provident Bank has brought this action against Defendant Donald E. Smith to recover a deficiency on a defaulted boat loan pursuant to 46 U.S.C.A. § 31325. Currently before the Court is Defendant's motion to quash the service of summons and to dismiss for lack of personal jurisdiction. For the following reasons, Defendant's motion to quash service is denied, and Defendant's motion to dismiss is denied without prejudice to re-filing.

**BACKGROUND**

Defendant is currently a resident of Arizona. In 2004, however, Defendant resided in Richton Park, Illinois. On July 8, 2004 Defendant applied for a $70,000.00 boat loan through 1st Commercial Corporation of America, Inc. The home address he listed on the application for the loan was in Illinois. On July 24, 2004, while still in Illinois, Defendant agreed to and signed a Note and Security Agreement to purchase the boat. He listed the same Illinois address on the Agreement. On the same day, 1st Commercial Corporation of America assigned the loan to Plaintiff.

Defendant subsequently defaulted on the loan, initially leaving a deficiency of $51,145.42. Plaintiff repossessed the boat as collateral and ultimately sold it for $13,500 on April 1, 2011. This reduced Defendant's debt to $39,159.23.

On February 27, 2013 Plaintiff filed the instant complaint to recover the deficiency, costs and fees. A copy of the complaint and notice of the suit was mailed to Defendant at his Arizona address on February 28, 2013. Defendant did not waive formal service, and the complaint and summons were personally served on Defendant at his Arizona address on May 22, 2013. On July 19, 2013 Defendant filed the instant motions through Brunetta Andrews as next friend of Defendant Donald E. Smith.

## **DISCUSSION**

Personal jurisdiction over Defendant is clearly proper. Although Defendant is now a resident of Arizona, this Court's jurisdiction over him falls squarely within the Illinois Long-Arm Statute.[1] 735 ILCS 5/2-209. The loan agreement was negotiated, executed and performed by the parties in Illinois. Defendant thereby submitted himself and any personal representative to the jurisdiction of the courts of Illinois as to any cause of action arising out of the agreement. *Id*. Defendant's default on the loan, and this cause of action seeking to recover the balance clearly arises out of the agreement.

Further, exercising personal jurisdiction over Defendant on this basis does not offend Constitutional due process. *See generally, International Shoe Co. v. Washington,* 326 U.S. 310 (1945). By entering into the agreement in Illinois, Defendant purposefully availed himself of the benefits and protections of Illinois laws, such that he should reasonably anticipate being haled

---

[1] A federal district court relies on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting. Fed. R. Civ. P. 4(k); *see Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

into court in Illinois. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985)).

Defendant nevertheless contends that exercising jurisdiction over him would not be reasonable under the circumstances. The motion to dismiss asserts that Defendant now suffers from dementia, and that it would be unduly burdensome for him to defend the suit in Illinois. The law does allow a defendant who has purposefully directed his activities at a forum to nevertheless evade personal jurisdiction in that forum where he or she presents a "compelling" case that exercising jurisdiction there would be unreasonable. *Burger King Corp.,* 471 U.S. at 477.

Here, if Defendant is indeed mentally incompetent, it may well be unreasonable to force him to personally answer the complaint in any jurisdiction. But the solution is evident – a legally appointed guardian and representative must answer the complaint on Defendant's behalf. This representative will then have an opportunity to show compelling reasons why it would be unreasonable to require *him or her* (not the defendant) to appear to defend the suit in Illinois.

Nothing in the record, however, indicates that Defendant has been judicially declared to be incompetent, and nothing indicates that a legal guardian has been appointed. The motion to dismiss was filed through Ms. Andrews, who identifies herself as Defendant's "next friend," but she makes clear that she is not Defendant's legally appointed guardian.[2]

Aside from stalling a final decision on personal jurisdiction, this is fatal to Defendant's motion to quash service. The relief Defendant seeks with respect to the propriety of service is predicated upon a judicial declaration of mental incompetence. Until such declaration has been

---

[2] Ms. Andrews also notes that she does not "consent" to jurisdiction in Illinois. Ms. Andrews may of course withhold her consent to become Defendant's legal guardian. But by his activities in Illinois, Defendant has already submitted himself and any personal representative to jurisdiction in Illinois, barring a compelling showing that exercising such jurisdiction would be unreasonable. 735 ILCS 5/2-209(a).

made, there is no basis on which to conclude that serving Defendant directly was improper. *See* Ariz. R. Civ. P. 4.1(g).[3]

Defendant may not evade Plaintiff's complaint by virtue of his illness. If it is indeed Defendant's position that he is not competent to answer the complaint himself, he must seek appointment of a legal guardian. I will not, at this point, require Defendant to appear in Illinois. Defendant is, however, directed to file a written status report advising the Court and opposing counsel as to how he wishes to proceed on or before January 31, 2014.

## CONCLUSION

For the foregoing reasons, Defendant's motion to quash service is denied, and Defendant's motion to dismiss is denied without prejudice. Consistent with this Order, Defendant shall file a status report with the Court on or before January 31, 2014.

DATE: January 14, 2014                    ENTER:

_____
James B. Zagel
United States District Judge

---

[3] State law in the state where the District Court is located, or the state in which service is made, governs the service of process. Fed.R. Civ. P. 4(e)(1).